Peter Anderson, Esq., Cal. Bar No. 88891
  peteranderson@dwt.com
Andrew G. Row, Esq., Cal. Bar No. 319994
  andrewrow@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Plaintiffs
MARSHMELLO CREATIVE, LLC,
365 TOURING INTERNATIONAL, INC.,
and CHRISTOPHER COMSTOCK

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| MARSHMELLO CREATIVE, LLC, a Delaware limited liability company; 365 TOURING INTERNATIONAL, INC., a Delaware corporation; and CHRISTOPHER COMSTOCK, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS HOEFER and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:23-cv-7345 <br><br> **COMPLAINT FOR DECLARATORY RELIEF; CONVERSION; AND CLAIM AND DELIVERY** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Marshmello Creative, LLC ("Marshmello Creative"), 365 Touring International, Inc. ("365 Touring"), and Christopher Comstock ("Mr. Comstock"), (collectively, "Plaintiffs") allege:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction of this action pursuant to 28 U.S.C. Sections 1331 and 1338(a), insofar as it arises under the Copyright Act of 1976, 17 U.S.C. Sections 101 *et seq.*, including by requiring the application of the Copyright Act's work-for-hire and joint authorship doctrines, and because federal principles should control those issues and, as a result, the first claim for declaratory relief.

2. Alternatively, the Court has jurisdiction of this action pursuant to 28 U.S.C. Section 1332(a) insofar as it is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. The Court has supplemental jurisdiction of the State law claims pursuant to 28 U.S.C. Section 1367(a) insofar as they are so related to the federal claim in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this District under 28 U.S.C. Section 1400(a), insofar as defendants or their agents reside or may be found here, or, alternatively, under 28 U.S.C. Section 1391(b)(1), or, alternatively, under 28 U.S.C. Section 1391(b)(2), insofar as a substantial part of the events or omissions giving rise to the claims occurred in this District, or, alternatively, under 28 U.S.C. Section 1391(b)(3), insofar as at least one defendant is subject to the Court's personal jurisdiction here.

**THE PARTIES**

5. Marshmello Creative is a Delaware limited liability company with its principal place of business in Los Angeles County, California.

6. 365 Touring is a Delaware corporation with its principal place of business in Los Angeles County, California,

1

7. Mr. Comstock is an individual domiciled in Los Angeles County, California.

8. Plaintiffs are informed and believe, and upon that basis allege, that defendant Thomas Hoefer ("Defendant") is an individual domiciled in Arizona. As more fully alleged below, Defendant purposefully directed his activities at California and purposefully availed himself of the privileges of conducting business here; the claims for relief alleged in this Complaint arise out of or relate to Defendant's forum-related activities; and the exercise of personal jurisdiction is reasonable.

9. Plaintiffs are presently unaware of the true names and/or the involvement of the defendants sued herein by the fictitious designations Does 1-10 and for that reason sue them by those designations. Plaintiffs will seek leave of Court to amend this pleading to identify those defendants when their true names and involvement in the infringements described below are known.

## BACKGROUND FACTS

10. 365 Touring is the company through which public performances and touring activities featuring the character, Marshmello, are pursued, including by, for example, employing personnel for the preparation for and staging of those public performances and touring.

11. Marshmello Creative owns the copyrights in and to Marshmello sound recordings, music videos, and other works, as well as the copyrights in visual media created for Marshmello public performances, and the trademarks in the Marshmello marks or logos that, among other things, appear in the visual media.

12. Mr. Comstock is an electronic music producer and DJ, an officer, director, and shareholder of 365 Touring, and the managing member of Marshmello Creative.

13. In or about 2016, 365 Touring engaged Defendant as a video jockey or "VJ" to curate visual media at Marshmello public performances. To that end, Defendant operated equipment provided by 365 Touring to display video media

2

prepared by third parties and approved by Plaintiffs. While on occasion Defendant suggested ideas or concepts for visual media, his suggestions were subject to Plaintiffs' approval and Defendant did not himself create the visual media displayed at Marshmello performances.

14. In 2017, Defendant became a salaried employee of 365 Touring and, for example:

(a) 365 Touring paid Defendant an annual salary of $80,000, later increased to an annual salary of $100,000;

(b) 365 Touring deducted income tax and other employee deductions from Defendant's salary;

(c) 365 Touring provided Defendant an annual Internal Revenue Service Form W-2;

(d) 365 Touring provided Defendant the laptops and other equipment, as well as visual media and various applications, used in rendering his services to 365 Touring;

(e) Defendant rendered his services in California and at other locations when and where designated by 365 Touring, including but not limited to public performances in California and rehearsals and other activities in Los Angeles County in preparation for public performances;

(f) The services that Defendant rendered as VJ were part of 365 Touring's regular business;

(g) 365 Touring employed Defendant on these terms and in this fashion from at least 2017 to 2023; and

(h) Defendant was acting within the scope of his employment by 365 Touring when he prepared or was otherwise involved in the preparation of Marshmello video media and other works.

///

///

15. In the course of his services for and employment by 365 Touring and at Plaintiffs' direction and control, Defendant curated video media displayed or otherwise employed at Marshmello public performances. Among other things:

    (a) Defendant did not contribute copyrightable subject matter to the preparation of the visual media;

    (b) All of Defendant's contributions were superintended, controlled, and subject to approval by Plaintiffs, who were not bound to accept Defendant's suggestions or contributions and who exercised the right not to approve suggestions or contributions Defendant made;

    (c) The completed video media and the public performances at which Defendant rendered his services were promoted, described, and billed as shows featuring Marshmello and, in some instances, other musical acts, with no mention of Defendant and no credit accorded him;

    (d) The audience appeal of the Marshmello performances is largely the result of the musical compositions, sound recordings, and his and others' performances, and the contribution of the video media curated by Defendant to the audience appeal cannot be appraised; and

    (e) Any elements or aspects contributed by Defendant would, if provided separate copyright protection, affect or impair Marshmello Creative's ability to license the creation of other visual media that is based on or otherwise utilizes Marshmello Creative's copyrighted works.

16. 365 Touring terminated Defendant's employment on or about July 7, 2023.

17. In or about July 2023, Defendant began claiming "legal rights and IP Interests" in the video media and other unspecified works he allegedly created or with which he was involved prior to and during his employment by 365 Touring. Defendant also failed to return to 365 Touring the equipment it had provided to him and on which Marshmello video media resided, Defendant disabled the links that

provided 365 Touring access to the visual media, and Defendant demanded a seven-figure payment in return for his relinquishment of his supposed legal rights and intellectual property interests and his return or 365 Touring's equipment and video media.

18. Plaintiff have raised that Defendant has no legal rights or intellectual property interests in the Marshmello video media and other works Defendant allegedly created or with which he was involved, including because, by way of example, only, from 2017 to July 7, 2023, Defendant was a salaried employee of 365 Touring and working within the course of that employment. Defendant, however, has persisted in his baseless claims.

## FIRST CLAIM FOR RELIEF

### (For Declaratory Relief as to the Work for Hire Doctrine and Joint Authorship)

### (Against All Defendants)

19. Plaintiffs refer to and re-allege each and every allegation contained in paragraphs 1 through 18, inclusive, above, as if set forth herein.

20. Plaintiffs contend that:

(a) Defendant has no right, title, or interest in or to any and all Marshmello visual media and other works allegedly created or with which Defendant was involved prior to being employed by 365 Touring beginning in 2017, including, without limitation, because:

(1) under Sections 101 and 201(b) of the Copyright Act of 1976, 17 U.S.C. Sections 101 *et seq.*, Defendant is not an author or joint author of the visual media or other works;

(2) Defendant's claims to any such right, title, or interest are barred by the three-year statute of limitations contained in Section 507(a) of the Copyright Act; and/or

///

    (3) Defendant is estopped from asserting his claims to any such right, title, or interest.

  (b) Defendant has no right, title, or interest in or to any and all Marshmello visual media and other works allegedly created or with which Defendant was involved while employed by 365 Touring beginning in 2017, including, without limitation, because:

    (1) under Sections 101 and 201(b) of the Copyright Act, any and all such visual media and other works were prepared, in whole or part, by Defendant as an employee and within the scope of his employment;

    (2) under Sections 101 and 201(b) of the Copyright Act, Defendant is not an author or joint author of the visual media or other works;

    (3) Defendant's claims to any such right, title, or interest are barred by the three-year statute of limitations contained in Section 507(a) of the Copyright Act of 1976; and/or

    (4) Defendant is estopped from asserting his claims to any such right, title, or interest.

21. Plaintiffs are informed and believe, and upon that basis allege, that defendants dispute the foregoing contentions, and each of them.

22. A judicial declaration of the respective rights and obligations of Plaintiffs and defendants is necessary and appropriate.

## SECOND CLAIM FOR RELIEF
### (For Conversion)
### (Against All Defendants)

23. Plaintiffs refer to and re-allege each and every allegation contained in paragraphs 1 through 18, inclusive, above, as if set forth herein.

///

24. In the course of 365 Touring's employment of Defendant, Marshmello Creative provided to Defendant or Defendant otherwise came into possession of numerous pieces of equipment and properties, including but not limited to video media files and other digital files created or with which Defendant was involved, that are used in 365 Touring's Marshmello shows and public performances.  When 365 Touring terminated Defendant's employment on or about July 7, 2023, Defendant was obligated, and was asked, to turn over all such pieces of equipment and properties to Plaintiffs.

25. Defendants, however, has withheld and failed to turn over at least the following pieces of equipment and properties (the "Equipment"):

    (a) Three Sagers laptops and a MacBook Air laptop, and visual media files and graphic or other software residing on the laptops and which is needed in order to operate and perform visual media portions of Marshmello performances;

    (b) A Marshal camera;

    (c) A crane;

    (d) An AJA U-Tap capture card;

    (e) A Magewell capture card;

    (f) A Midjourney key;

    (g) A Resolume key;

    (h) A Notch key;

    (i) Focusrite interface;

    (j) A Pelican Storm IM2500 case; and

    (k) The digital visual media residing on laptops or otherwise stored by Defendant.

Plaintiffs' investigation into defendants' wrongful conduct is ongoing and Plaintiffs will, if necessary or appropriate, amend this Complaint to identify additional

///

equipment and properties that defendants have failed to return and additional damages Plaintiffs have incurred as a result.

26. At all relevant times, Marshmello Creative has been and is entitled to sole possession of the Equipment.

27. Defendants have exercised unlawful dominion of the Equipment, including by failing and refusing to turn the Equipment over to Marshmello Creative upon demand.

28. As a direct and proximate result of the foregoing conversion, Plaintiffs have suffered damages, including but not limited to loss of use and the effort and expense of replacement, all in an amount not presently known but exceeding $150,000, exclusive of interest and costs.

29. In committing the foregoing acts, defendants acted intentionally, with malice and in conscious disregard of Plaintiffs' rights and resulting damages. As a result, Plaintiffs are entitled to punitive and exemplary damages in an amount according to proof.

## THIRD CLAIM FOR RELIEF

**(For Claim and Delivery)**

**(Against All Defendants)**

30. Plaintiffs refer to and re-allege each and every allegation contained in paragraphs 1 through 18 and 24 through 25, inclusive, above, as if set forth herein.

31. Marshmello Creative owns and is entitled to possession of the Equipment, and has demanded the Equipment from defendants.

32. Defendants, however, have failed to comply with Marshmello Creative's demands and are withholding possession of the Equipment from Marshmello Creative.

33. Marshmello Creative is entitled to and demands immediate possession of the Equipment, and all damages, including but not limited to loss of use and the effort and expense of replacement, proximately caused Plaintiffs by reason of defendants'

///

8

1  wrongful conduct, all in an amount not presently known but exceeding $150,000, exclusive of interest and costs.

34. In committing the foregoing acts, defendants acted intentionally, with malice and in conscious disregard of Plaintiffs' rights and resulting damages. As a result, Plaintiffs are entitled to punitive and exemplary damages in an amount according to proof.

**PRAYER**

**WHEREFORE,** Plaintiffs pray for Judgment as follows:

1. On the First Claim for Relief for declaratory relief against defendants, a declaration in accordance with Plaintiffs' contentions, including as follows, and, pursuant to 28 U.S.C. Section 2201, such further necessary or proper relief as Plaintiffs may request based on that declaration:

   (a) Defendant has no right, title, or interest in or to any and all Marshmello visual media and other works allegedly created or with which Defendant was involved prior to being employed by 365 Touring beginning in 2017, including, without limitation, because:

   (1) under Sections 101 and 201(b) of the Copyright Act of 1976, 17 U.S.C. Sections 101 *et seq.*, Defendant is not an author or joint author of the visual media or other works;

   (2) Defendant's claims to any such right, title, or interest are barred by the three-year statute of limitations contained in Section 507(a) of the Copyright Act; and/or

   (3) Defendant is estopped from asserting his claims to any such right, title, or interest.

   (b) Defendant has no right, title, or interest in or to any and all Marshmello visual media and other works allegedly created or with

///

///

9

which Defendant was involved while employed by 365 Touring beginning in 2017, including, without limitation, because:

    (1)    under Sections 101 and 201(b) of the Copyright Act, any and all such visual media and other works were prepared, in whole or part, by Defendant as an employee and within the scope of his employment;

    (2)    under Sections 101 and 201(b) of the Copyright Act, Defendant is not an author or joint author of the visual media or other works;

    (3)    Defendant's claims to any such right, title, or interest are barred by the three-year statute of limitations contained in Section 507(a) of the Copyright Act of 1976; and/or

    (4)    Defendant is estopped from asserting his claims to any such right, title, or interest.

2. On the Second Claim for Relief for conversion against all defendants:

    (a)    Compensatory damages in excess of $150,000, according to proof; and

    (b)    Punitive damages according to proof;

3. On the third Cause of Action for claim and delivery against all defendants:

    (a)    A writ directing immediate restoration to Plaintiff;

    (b)    Compensatory damages in excess of $150,000, according to proof; and

    (c)    Punitive damages according to proof;

///
///
///
///

4.  For Plaintiffs' costs of suit, prejudgment interest on all sums awarded, and, to the extent permitted by law, reasonable attorneys' fees; and

5.  For such other and further relief as the Court deems just and proper.

Dated: September 5, 2023

      /s/ Peter Anderson
Peter Anderson, Esq.
Andrew G. Row, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Plaintiffs
MARSHMELLO CREATIVE, LLC,
365 TOURING INTERNATIONAL, INC.,
and CHRISTOPHER COMSTOCK

# DEMAND FOR JURY TRIAL

Plaintiffs Marshmello Creative, LLC, 365 Touring International, Inc., and Christopher Comstock respectfully demand trial by jury of all issues and claims as to which there is a right of trial by jury.

Dated: September 5, 2023

/s/ Peter Anderson
Peter Anderson, Esq.
Andrew G. Row, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Plaintiffs
MARSHMELLO CREATIVE, LLC,
365 TOURING INTERNATIONAL, INC.,
and CHRISTOPHER COMSTOCK